COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-396-CR

 

 

STEVEN CRAIG WHITE                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Steven Craig White of murder and assessed his punishment at eighteen years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  The trial court
sentenced him accordingly.  In five
points, Appellant complains about the trial court=s exclusion  of a memorandum and
testimony of several current and former police officers of the North Richland
Hills Police Department concerning Kevin Brown, the lead detective in charge of
the investigation in this case.  The
excluded testimony of the other officers shows that at some point after the
investigation in this case was concluded, Brown was suspended after an internal
investigation; that several of his superiors agreed that he was incompetent and
apathetic; that he was cited for Ainefficiency, incompetence, indolence, or inexcusable neglect of duty@; and that he was moved out of the criminal investigations division
and never returned to it.








Appellant wanted to impeach
Brown with the excluded testimony to show an alleged bias or interest on Brown=s part[2]
and also to correct an allegedly false impression that Brown=s suspension was motivated by another cause.  But at trial, Brown testified, and Appellant
cross-examined him extensively without limitation, delving into the areas
covered by the excluded testimony:  Brown=s suspension on the grounds of his poor case management and his giving
files to a third party (in an unrelated case), his transfer, his feelings of
being overwhelmed with his caseload, and the fact that it was found that he had
been incompetent, inefficient, and lazy and had inexcusably neglected his
duties.  Brown=s testimony specifically revealed that he had told the other officers
that he was overwhelmed by his workload, especially since he drew four homicide
cases in one year (including this one), that he said that some cases Ajust die on the vine,@ and that he signed an acknowledgment regarding the performance
citations as a condition of continued employment.  Appellant does not point us to a bias or
motive on Brown=s part to
lie on the stand,[3]
especially since his censure covered the period involved in the murder
investigation in this case.

Additionally, throughout the
presentation of evidence, Appellant emphasized the sloppiness of this murder
investigation, including evidence not discovered by the police, such as the gun
located in the bathtub with the body; evidence not timely collected, such as
fingerprints on a wall board; leads not followed, such as the account of a
jogger who apparently jogged past the house where the murder occurred during
the relevant time period; and documentary evidence stored in Brown=s office long after it should have been returned to the family.








Given the record before us,
especially the extensive cross-examination of Brown, we cannot say that the
trial court abused its discretion by excluding the cumulative testimony of the
other police officers,[4]
nor did the exclusion of the cumulative evidence violate Appellant=s rights to confront the witness against him (Brown) or limit his
defense.[5]  We overrule Appellant=s five points and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
November 22, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
R. Evid. 613(b).





[3]See id.





[4]See Tex.
R. Evid. 403.





[5]See U.S.
Const amends. VI, XIV; Delaware v. Van Arsdall, 475 U.S. 673,
678, 106 S. Ct. 1431, 1435 (1986); Carroll v. State, 916 S.W.2d 494, 496‑97
(Tex. Crim. App. 1996); Carmona v. State, 698 S.W.2d 100, 104 (Tex.
Crim. App. 1985).